## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

| | | |
|---|---|---|
| **JAVIER CAZARES, individually as** | § | |
| **Wrongful Death Beneficiary of J.J.C.,** | § | |
| **Deceased minor; et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **C.A. NO.: 2:24-cv-00045-AM-MHW** |
| | § | |
| **JUAN MALDONADO, an individual,** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### MANDY GUTIERREZ' MOTION TO DISMISS
### PURSUANT TO RULES 12(B)(1) AND (6)

Mandy Gutierrez moves to dismiss Plaintiffs' Amended Original Complaint pursuant to Rules 12(b)(1) and 12(b)(6), as follows:

### NATURE AND STAGE OF PROCEEDINGS

Numerous parents of deceased minor-students, individually and on behalf of the decedents, and numerous parents of injured minor-students, individually and on behalf of the minor-students, (collectively Plaintiffs) filed suit against several defendants, including various Texas Department of Public Safety (TXDPS) employees, the Uvalde Consolidated Independent School District (the District), various District police officers, Motorola Solutions, Inc., and Mandy Gutierrez, the former Principal of Robb Elementary School within the District.[1] In their Complaint, Plaintiffs allege the various TXDPS and District

---

[1] The undersigned only represent Mandy Gutierrez in this matter.

police defendants violated the Fourth and Fourteenth Amendments under Section 1983.

Plaintiffs also bring various products liability claims against defendant Motorola Solutions,

Inc. However, Plaintiffs do not plead any factual allegations relating to the conduct of

Gutierrez, nor do they bring any causes of action against her.

## STATEMENT OF RELEVANT FACTS REGARDING GUTIERREZ, AS PLED BY PLAINTIFFS

The only allegation relating to Gutierrez contained in the entirety of the live

complaint is as follows:

> At all times relevant to this suit, Defendant Mandy Gutierrez was the Principal of Robb Elementary School and was acting as such on May 24, 2022. She is being sued in her official and individual capacities. Mandy Gutierrez may be served at 320 W Benson Rd, Uvalde, TX 78801-3904, or 431 Evans St, Uvalde, TX 78801-5845, or wherever she may be found.

Dkt. 2 at ¶ 65 (emphasis removed).

## STATEMENT OF THE ISSUES

1.   Parent-Plaintiffs lack Article III standing to bring constitutional claims.

2.   Gutierrez is entitled to qualified immunity to all of Plaintiffs' claims.

3.   Plaintiffs' claims against Gutierrez in her official capacity are, instead, claims against the District and should be dismissed.

## STANDARD OF REVIEW

A.    **Rule 12(b)(1).**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the Court's

exercise of subject matter jurisdiction over a case. *See Den Norske Stats Oljeselskap As v.*

*Heeremac VOF*, 241 F.3d 420, 424 (5th Cir. 2001). "In ruling on a motion to dismiss for

lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the

complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* A court must accept all factual allegations in the plaintiff's complaint as true, and the burden of establishing a federal court's subject matter jurisdiction rests with "the party seeking to invoke it." *See Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 733 (S.D. Tex. 2009) (citing *Hartford Ins. Group v. Lou-Con, Inc*., 293 F.3d 908, 910 (5th Cir. 2002)); *see also Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008).

**B.    Rule 12(b)(6).**

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT AND AUTHORITIES

**A.   Parent-Plaintiffs lack Article III standing to bring their individual constitutional claims.**

To bring a claim in federal court, a plaintiff must establish Article III standing. This requires a plaintiff to plead and prove an injury-in-fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), as revised (May 24, 2016) (quoting *Lujan*, 504 U.S. at 560). An injury is concrete when it is 'de facto', *i.e.*, it actually exists. *Id.* at 340. Here, none of the Parent-Plaintiffs – which include parents, next friends, and beneficiaries of decedents and survivors – allege any concrete injury they suffered. *See generally* Dkt. 2. This deprives the Court of jurisdiction over their Section 1983 claims.

In order to prevail in a Section 1983 action, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States. *See Paul v. Davis*, 424 U.S. 693, 700-01 (1976). The Fifth Circuit has long held plaintiffs who claim the deprivation of constitutional rights are required to prove a violation of their own **personal** rights. *See Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). Thus, where plaintiffs fail to allege the deprivation of their own constitutional rights, they cannot establish standing necessary to assert a Section 1983 claim.

To the extent Parent-Plaintiffs allege concrete injuries by way of their children and family members being present at the school, this is insufficient to establish a concrete

injury. *See Polk v. City of Corsicana*, 2006 WL 385127, *5 (N.D. Tex. Jan. 24, 2006) ("Plaintiffs have no standing to sue for alleged acts or omissions that do not infringe upon a legally recognized right belonging to them. Furthermore, although parents certainly feel the injury to a tremendous extent when their child suffers injury, a parent has no civil right to pursue an action pursuant to § 1983 for injuries to their child.") (internal citations and insertions omitted); *see also Landry v. Cypress Fairbanks Indep. Sch. Dist.*, 2018 WL 3436971, at *3-4 (S.D. Tex. July 17, 2018) (finding mother lacked standing to bring her own First, Fifth, and Fourteenth Amendment claims, based on the denial of her daughter's constitutional rights, stating "courts have found that injuries to a parent resulting from violations of her child's constitutional rights are not sufficiently personal for the purposes of the parent's individual standing."). The fact that they are biological mothers, fathers, or family members to the decedents and survivors is immaterial to the question of whether they personally suffered a concrete injury.[2] Without alleging a deprivation of their own personal rights, Parent-Plaintiffs lack standing to bring their own Section 1983 claims and such claims should be dismissed.

---

[2] In limited circumstances, not applicable here, a parent can bring an individual claim based on a deprivation of rights to their child. For example, the Individuals with Disabilities Education Act provides parents with the right to bring an individual claim based on a denial of a free and appropriate education to their child. *See Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 531 (2007) (citing 20 U.S.C. § 1415).

**B.      Gutierrez is entitled to qualified immunity against all claims.**

1.      <u>The qualified immunity framework.</u>

"Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from civil liability insofar as their conduct doesn't violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 393-94 (5th Cir. 2004) (internal quotations omitted). Courts apply a two-prong test to determine whether a plaintiff can overcome an official's qualified immunity defense: (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether the right at issue was "clearly established" at the time of the misconduct, rendering the conduct objectively unreasonable. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the plaintiff cannot meet both prongs, the defendant is entitled to qualified immunity. Courts may exercise their sound discretion in determining which of the two prongs to address first. *Pearson*, 555 U.S. at 236. A right is deemed to be clearly established when "the contours of the right [are] sufficiently clear [such] that a reasonable official would understand that what he is doing violates that right." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (insertions and deletions added). The Fifth Circuit has clarified the plaintiff must "point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011) (internal quotations omitted); *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) ("It is

6

the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality.'").

2. <u>Plaintiffs cannot establish the first prong to overcome qualified immunity because they fail to plead facts demonstrating Gutierrez violated their constitutional rights.</u>

      i.    *Plaintiffs' facts as pled do not establish that Gutierrez violated their constitutional right to bodily integrity.*

The Fifth Circuit "has recognized a substantive due process right to be free from state-occasioned damage to a person's bodily integrity in certain contexts" – but never in the specific context of a school shooting. *McClendon v. City of Columbia*, 305 F.3d 314, 322, n. 5 (5th Cir. 2002) (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450-51 (5th Cir. 1994) (en banc)); *see also Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981) abrogated on other grounds, *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1993) ("[t]he right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process."). The emphasized phrase from *Doe v. Taylor* is key, because to state a claim under Section 1983, a plaintiff must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *See Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854-55 (5th Cir. 2012). And absent one of two narrow exceptions that could potentially apply – the state-created danger theory and the special relationship doctrine – "nothing in the language of the Due Process Clause itself requires the State to protect . . . its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)

(omission added). Thus, generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197; *see also Covington*, 675 F.3d at 855; *Estate of Brown v. Cypress-Fairbanks Indep. Sch. Dist.*, 863 F. Supp. 2d 632, 634 (S.D. Tex. 2012). Because it is clear that Gutierrez did not have any duty to protect them, Plaintiffs fail to allege that Gutierrez violated their constitutional right to bodily integrity.

Notwithstanding the fact that Gutierrez did not owe Plaintiffs a constitutional duty to protect them from the shooter, Plaintiffs do not plead *any* facts relating to Gutierrez. *See generally* Dkt. 2. In fact, the Complaint only contains one paragraph that even mentions Gutierrez and that paragraph identifies Gutierrez as the Principal of Robb Elementary on May 24, 2022. Dkt. at ¶ 65. And that's it. This is insufficient to overcome Gutierrez' entitlement to qualified immunity. *Pearson*, 555 U.S. at 232. And Plaintiffs cannot attribute other defendants' actions and alleged unconstitutional conduct to Gutierrez. *See, e.g.*, *Cobarobio v. Midland County, Tex.*, 2015 WL 13608102, at *9 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F. App'x 88 (5th Cir. 2017) ("Plaintiff's Complaint routinely lumps all Defendants together without identifying actions of any individual Defendant. Such global assertions of fault do not set out the specific factual allegations made the basis of a purported constitutional violation by any particular defendant."). [3] This failure to plead any facts relating to Gutierrez dooms Plaintiffs' claims.

---

[3] Plaintiffs cannot name Gutierrez as a policymaker for the District either, because the Fifth Circuit has held only a District's Board of Trustees are "official policymakers." *See Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) (stating the final policymaker for school districts is the board of trustees).

> ii.     The Parent-Plaintiffs do not allege sufficient facts to establish
> Gutierrez infringed on their right to make decisions regarding their
> children's care, custody, and control.

A parent's right to make decisions regarding their children's care, custody, and control is supported by years of precedent. *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000). To prove that a school official violated this constitutional right owed to the Parent-Plaintiffs, there must be some allegation that the events that took place at Robb Elementary were "deliberately directed at the parent-child relationship." *Moreno v. Mcallen Indep. Sch. Dist.*, 2016 WL 1258410, at *8 (S.D. Tex. Mar. 31, 2016) ("This Court, like the Third Circuit, is 'hesitant to extend the Due Process Clause to cover official actions that [are] not deliberately directed at the parent-child relationship.'") (quoting *McCurdy v. Dodd*, 352 F.3d 820, 829 (3d Cir. 2003)). Here, there is no allegation that the events that took place were either deliberately orchestrated by Gutierrez or that any actions Plaintiffs attribute to Gutierrez (which is none) were directed at the parent-child relationship between the Parent-Plaintiffs and the students. *See generally* Dkt. 2. As such, the Parent-Plaintiffs have failed to allege Gutierrez violated their parental rights to make decisions regarding their children's care, custody, and control.

3.     <u>Even if Plaintiffs did state viable claims (and they do not), Gutierrez did not violate clearly established law.</u>

A right is deemed clearly established when "the contours of the right [are] sufficiently clear [such] that a reasonable official would understand that what [s]he is doing violates that right." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (internal citations omitted). The Fifth Circuit has clarified that plaintiffs must "point to controlling

authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011) (internal citations omitted); *see also Perniciaro v. Lea*, 901 F.3d 241, 256 (5th Cir. 2018) ("[G]eneral propositions of law defined at high levels of generality are insufficient to define clearly established law for purposes of defeating qualified immunity.") (internal citations omitted); *Vann,* 884 F.3d at 310 ("It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality.'") (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016)).

As Plaintiffs plead no action by Gutierrez, except that she was employed as the Principal of Robb Elementary at the time of the shooting, they have failed to allege a violation of a clearly established constitutional right.

**C.   Plaintiffs' claims against Gutierrez in her official capacity are actually claims against the District and should, therefore, be dismissed.**

Plaintiffs bring their claims against Gutierrez in her individual and official capacity. *See* Dkt. 2 at ¶ 65. Official-capacity suit is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *see also Monell v. NYC Dept. of Soc. Servcs.*, 436 U.S. 658, 690, n. 55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity…"). As such, all of Plaintiffs' claims against Gutierrez in her official capacity are actually claims against the District and should, therefore, be dismissed. *Id.*

## CONCLUSION AND PRAYER

Mandy Gutierrez respectfully requests that this Court grant her motion to dismiss and dismiss Plaintiffs' claims against her with prejudice.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

CLAY T. GROVER
Attorney-in-Charge
State Bar No. 08550280
Fed. I.D. No. 15064
cgrover@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:   713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR MANDY GUTIERREZ

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Attorney for Mandy Gutierrez