**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS, DEL RIO DIVISION**

| | |
|---|---|
| JAVIER CAZARES, et al.,<br>*Plaintiffs*,<br>v.<br>JUAN MALDONADO, et al.,<br>*Defendants*. | Case No. 2:24-CV-00045-AM<br>Chief Judge Alia Moses |

**PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT AGAINST LAW ENFORCEMENT AND MUNICIPAL DEFENDANTS UNDER FED. R. CIV. P. 54(B)**

Plaintiffs move pursuant to Fed. R. Civ. P. 54(b) for a final judgment order dismissing their claims against (1) Defendants Juan Maldonado, Crimson Elizondo, Richard Bogdanski, Luke Williams, Christopher Kindell, Joel Betancourt, Victor Escalon, Randy Garcia, Robert Smith, Jerry Simpson, Noe Fernandez, Pedro Arredondo, Adrian Gonzales, and TXDPS Does 1 through 80 (together, the "Law Enforcement Defendants"); and (2) Defendants Uvalde Consolidated Independent School District ("UCISD") and, in their official capacities, Arredondo and Jesus Suarez (together, the "Municipal Defendants"). Defendants Maldonado, Elizondo, Bogdanski, Williams, Kindell, Betancourt, Escalon, Garcia, Smith, Simpson, Fernandez, and Arredondo do not oppose the relief requested in this motion. Plaintiffs' counsel repeatedly attempted to confer with counsel for Defendants Gonzales, Suarez, and UCISD. On November 3, 2026, Plaintiffs' counsel stated that, absent a response, they would represent to the Court that those Defendants had not indicated any opposition. Counsel for those Defendants did not respond.

On September 29, 2026, this Court dismissed all claims against the Law Enforcement and Municipal Defendants. *See* ECF No. 82. Only Plaintiffs' two products-liability claims against

Motorola Solutions, Inc. ("Motorola") remain. As Plaintiffs have previously informed this Court, Plaintiffs have reached an agreement-in-principle with Motorola to settle those claims. Because that settlement resolves the claims of two surviving minors and the estates of seventeen deceased minors, consummation of that settlement requires special protection of the minors' interests. Accordingly, finalization of that settlement will likely require substantial additional time.

Therefore, Plaintiffs move for entry of partial final judgment as to their claims against the Law Enforcement and Municipal Defendants so that Plaintiffs may appeal that judgment to the Fifth Circuit now, rather than only after the finalization of the Motorola settlement.

## BACKGROUND

On May 24, 2022, a shooter opened fire at Robb Elementary School in Uvalde, Texas. Plaintiffs are the parents and representatives of seventeen children who died in that tragedy and two surviving children.

On May 22, 2024, Plaintiffs brought suit against: (1) certain of the Law Enforcement and Municipal Defendants,[1] as well as Mandy Gutierrez, for their actions on the day of the shooting; (2) Schneider Electric USA, Inc. ("Schneider"), for its manufacture and installation of the door locking mechanisms at Robb Elementary School; and (3) Motorola, for its design and sale of radio communication devices used by first responders to the shooting. *See* ECF No. 2. Plaintiffs' constitutional claims were filed either on behalf of the deceased and surviving children (*i.e.*, filed by "Child Plaintiffs") or filed by parents in their own capacities (*i.e.*, filed by "Parent Plaintiffs"). *See* ECF No. 34 ¶¶ 60–61.

[1] Plaintiffs' initial complaint named Defendants UCISD, Maldonado, Elizondo, Bogdanski, Williams, Kindell, Betancourt, Escalon, TXDPS Does 1 through 84, Arredondo, Gonzales, and Suarez; it did not name Defendants Garcia, Smith, Simpson, and Fernandez. *See* ECF No. 2.

Plaintiffs voluntarily dismissed their claims against Schneider on May 31, 2024, *see* ECF No. 5; and voluntarily dismissed their claims against Gutierrez on June 19, 2024, *see* ECF No. 23.

On July 8, 2024, Plaintiffs amended their complaint. *See* ECF No. 34. The Amended Complaint alleged claims against the Law Enforcement Defendants, Municipal Defendants, and Motorola. The Law Enforcement and Municipal Defendants filed motions to dismiss in July and August 2024, *see* ECF Nos. 37, 38, 39, 40, 41, and 52; while Motorola filed a motion for summary judgment on May 1, 2026, *see* ECF No. 75.

On September 29, 2026, this Court dismissed with prejudice all claims against the Law Enforcement and Municipal Defendants. *See* ECF No. 82. The sole exception was the 42 U.S.C. § 1983 claims of the Parent Plaintiffs (other than Plaintiff Miguel Cerrillo) against the Law Enforcement Defendants, which this Court dismissed without prejudice for lack of standing under Fed. R. Civ. P. 12(b)(1). *See* ECF No. 82 at 11–13, 34. In light of the rest of this Court's ruling, Plaintiffs do not intend to seek leave to amend and elect to stand on the operative complaint.

As a result, the only claims that remain pending in this litigation are Plaintiffs' two products-liability claims against Motorola.[2]

**ARGUMENT**

Rule 54(b) authorizes a district court "to certify as a final, appealable judgment a disposition of less than all the claims or parties in a complex litigation." *Ackerman v. F.D.I.C.*, 973 F.2d 1221, 1224 (5th Cir. 1992). Plaintiffs request that this Court exercise its discretion to enter a partial final

[2] On October 15, 2026, Plaintiffs prematurely filed a notice of appeal in this case. Despite the filing of that notice, this Court "retains jurisdiction to enter a Rule 54(b) certification." *Gabarick v. Laurin Mar. (Am.), Inc.*, 650 F.3d 545, 551 (5th Cir. 2011); *see also Nat'l Horsemen's Benevolent and Protective Ass'n v. Black*, 53 F.4th 869, 878–79 (5th Cir. 2022); *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003); *Swope v. Columbian Chems. Co.*, 281 F.3d 185, 191–92 (5th Cir. 2002); *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 379 (5th Cir. 1996); *Crowley Mar. Corp. v. Pan. Canal Comm'n*, 849 F.2d 951, 953–54 (5th Cir. 1988).

judgment under Rule 54(b) dismissing all claims against the Law Enforcement and Municipal Defendants so that Plaintiffs can immediately appeal that judgment to the Fifth Circuit.

To determine whether a Rule 54(b) certification is appropriate, a court should first "determine that it is dealing with a final judgment—in other words, a decision upon a cognizable claim for relief…that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Doss v. Morris*, 2015 WL 4756294, at *1 (W.D. Tex. Aug. 11, 2015) (internal quotations omitted) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Then, a court must determine whether there is "any just reason for delay," *id*. at *1 (citing *Curtiss-Wright Corp.*, 446 U.S. at 8), by looking to whether "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal," *id*. (citing *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist*., 81 F.3d 1412, 1421 (5th Cir. 1996)). Here, all those factors militate in favor of certifying a Rule 54(b) judgment.

## I. This Court's Dismissal of Claims Against the Law Enforcement and Municipal Defendants Is a Final Judgment.

For the purposes of Rule 54(b), an order is "final" if it would theoretically dispose of "a simple single-claim, two-party case." *DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1032 (5th Cir. 1982). That is the case here. This Court's September 29, 2026 order adjudicated every claim against every Law Enforcement and Municipal Defendant; nothing more remains to be decided with respect to those defendants.

**Law Enforcement Defendants.** The Child Plaintiffs and Parent Plaintiffs each asserted four causes of action against the Law Enforcement Defendants: § 1983 claims for violations of the Fourteenth Amendment's Due Process Clause based on a special relationship, based on a state-created danger, and based on interference with the parent-child relationship; and a § 1983 claim for violation of the Fourth Amendment's prohibition against unlawful seizures. With respect to

the Child Plaintiffs, this Court granted qualified immunity to the Law Enforcement Defendants over all four of those claims. *See* ECF No. 82 at 16–19, 20–27.

With respect to the Parent Plaintiffs, this Court dismissed their individual § 1983 claims without prejudice for lack of standing. *See* ECF No. 82 at 34. The only exceptions were Plaintiff Cerrillo's Fourteenth Amendment parent-child relationship claim and Fourth Amendment unlawful seizure claim. *See id*. at 12–13. The Court dismissed with prejudice those two claims on their merits, holding that Plaintiff Cerrillo failed to state a Fourth Amendment claim, *see id*. at 19–20; and that the Law Enforcement Defendants were entitled to qualified immunity on the Fourteenth Amendment claim, *see id*. at 28–29. Given the Court's merits rulings, it would be futile for the remaining Parent Plaintiffs to amend their claims, as those claims rely on the same constitutional theories as to which the Court has already held the Law Enforcement Defendants are entitled to qualified immunity.

As a result, after the Court's September 29, 2026 order, no claims against the Law Enforcement Defendants survive.

**Municipal Defendants.** Plaintiffs asserted two causes of action against the Municipal Defendants: a § 1983 claim for violations of the Fourth and Fourteenth Amendments based on failure to ensure compliance with universally-accepted standards; and a § 1983 claim for violations of the Fourteenth Amendment based on special-relationship and state-created danger theories. This Court dismissed with prejudice both official-capacity claims against the individual Municipal Defendants, reasoning that those claims were "'redundant' to the municipal-entity claim" against UCISD. ECF No. 82 at 29. This Court then dismissed with prejudice both claims against UCISD, on the grounds that Plaintiffs had not established an underlying constitutional violation. *See* ECF

No. 82 at 30–32. Likewise, after the Court's September 29, 2026 order, no claims against the Municipal Defendants survive.

## II. There Is No Just Reason for Delaying Plaintiffs' Appeal of This Court's Order Dismissing the Law Enforcement and Municipal Defendants.

The second Rule 54(b) requirement is that the Court "expressly determine[] that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Curtiss-Wright Corp.*, 446 U.S. at 8 ("a district court must take into account judicial administrative interests as well as the equities involved"). In this case, both the equities and the interests of judicial administration favor entry of a partial final judgment.

The equities favor Plaintiffs. They are the families of seventeen children killed and two children wounded at Robb Elementary School, a tragedy that occurred over four years ago. More than two years have passed since they filed suit. Absent a Rule 54(b) judgment, Plaintiffs cannot pursue an appeal of the September 29, 2026 order until a final judgment disposing of all claims is entered, *see* 28 U.S.C. § 1291, which will not occur until the settlement with Motorola has been documented, approved, and consummated. That process will likely require substantial additional time, as it resolves the claims of minors and deceased minors' estates. Requiring these families to wait for that process to conclude would only postpone appellate review of key constitutional questions wholly unrelated to the products-liability claims against Motorola. That delay would serve no countervailing interest. Nor would the Law Enforcement and Municipal Defendants suffer any cognizable prejudice from appeal now rather than later, as this Court has already granted them complete relief.

Judicial economy also favors entry of a partial final judgment. The principal concern animating Rule 54(b) is the avoidance of "piecemeal appeals," in which an appellate court would be asked to decide the same issues more than once. *PYCA Indus., Inc.*, 81 F.3d at 1421. That

concern is absent here. The claims against the Law Enforcement and Municipal Defendants arise under § 1983 and turn on qualified immunity, Fourth and Fourteenth Amendment jurisprudence, and municipal liability. The claims against Motorola, by contrast, are state-law products-liability claims concerning the design, manufacture, and sale of radio equipment. *See* ECF No. 34 ¶¶ 423–30. No issues presented in Plaintiffs' appeal of their requested partial final judgment order would be affected by the resolution of claims against Motorola.

Moreover, Plaintiffs have reached an agreement-in-principle to settle their claims with Motorola, effectively rendering this Court's September 29, 2026 order the last substantive word in this case. Once the settlement is approved, the claims against Motorola will be dismissed, and there will be nothing further to appeal. No realistic prospect of a second appeal exists in this case.

Because the equities and the interests of judicial economy both favor certifying an immediate appeal, there is no just reason for delaying Plaintiffs' appeal of this Court's order dismissing claims against the Law Enforcement and Municipal Defendants.

**CONCLUSION**

This Court should exercise its discretion under Rule 54(b) to certify its order dismissing Plaintiffs' claims against the Law Enforcement and Municipal Defendants as a partial final judgment appealable to the Fifth Circuit.

Dated: November 4, 2026

Respectfully submitted,

*/s/ Erin J. Rogiers*

Erin J. Rogiers, Esq.
TX State Bar No. 24083597
Francisco Guerra IV, Esq.
TX State Bar No. 00796684
Bailey E. Rader, Esq.
TX State Bar No. 24119113
GUERRA LLP
875 East Ashby Place, Suite 1200

San Antonio, TX 78212
Tel: (210) 447-0500
Fax: (210) 447-0501
erogiers@guerrallp.com
fguerra@guerrallp.com
brader@guerrallp.com

/s/ *Joshua D. Koskoff*
Joshua D. Koskoff, Esq. (*pro hac vice*)
CT State Bar No. 410518
Alinor C. Sterling, Esq. (*pro hac vice*)
CT State Bar No. 411754
Colin S. Antaya, Esq. (*pro hac vice*)
CT State Bar No. 440953
Margaret Donovan, Esq. (*pro hac vice*)
CT State Bar No. 445982
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
asterling@koskoff.com
jkoskoff@koskoff.com
cantaya@koskoff.com
mdonovan@koskoff.com

/s/ *Jonathan S. Massey*
Jonathan S. Massey, Esq. (*pro hac vice*)
DC Bar No. 457593
MASSEY & GAIL LLP
1000 Maine Ave. SW, Suite 450
Washington. D.C. 20024
Tel: (202) 650-5452
Fax: (312) 379-0467
jmassey@masseygail.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), I hereby certify that on October 27th, 29th, and 30th, and November 3, 2026, I attempted to confer with counsel for Defendants regarding the relief requested in Plaintiffs' Motion for Entry of Partial Final Judgment Against Law Enforcement and Municipal Defendants Under Federal Rule of Civil Procedure 54(b). Counsel for Defendants Maldonado, Elizondo, Bogdanski, Williams, Kindell, Betancourt, Escalon, Garcia, Smith, Simpson, Fernandez, and Arredondo do not oppose the relief requested in this motion. Counsel for Defendants Gonzales, Suarez, and UCISD did not respond to repeated contact attempts.

/s/ *Bailey E. Rader*
Bailey E. Rader

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on this 4th day of November 2026.

/s/ *Erin J. Rogiers*
Erin J. Rogiers