**FILED**
November 17, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: AM
DEPUTY

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**THOMAS B. PLUNKETT, III**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 30, 2026

Mr. Joshua D. Koskoff
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Suite 501
Bridgeport, CT 06604

Mr. Jonathan Standish Massey
Massey & Gail, L.L.P.
1000 Maine Avenue, S.W.
Suite 450
Washington, DC 20024

Ms. Erin J. Rogiers
Guerra, L.L.P.
875 E. Ashby Place
San Antonio, TX 78212

No. 26-50929 Cazares v. Maldonado
USDC No. 2:24-CV-45

Dear Counsel,

We have docketed the appeal as shown above and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure. We cannot accept motions submitted under the Federal Rules of **Civil** Procedure. We can address only those documents the court directs you to file, or proper motions filed in support of the appeal. See Fed. R. App. P. and 5th Cir. R. 27 for guidance. We will not acknowledge or act upon documents not authorized by these rules.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see Fed. R. App. P. 12(b) and 5th Cir. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. You may access the "Application and Oath for Admission" form at:

www.ca5.uscourts.gov. Information on Electronic Case Filing is also available on our site.

**Electronic Record on Appeal (EROA):** We permit you to download all or part of the electronic record on appeal (EROA) after this is approved by the U.S. District Court. You will receive a notice when access to the EROA is available. Counsel must be approved for electronic filing and be listed as an attorney of record in the case before access will be granted. Instructions for accessing and downloading the EROA are available on our site at www.ca5.uscourts.gov/electronic-case-filing/electronic-case-filing/ecf-information-page/special-instructions.

Please note that sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. You must file a motion in our court for access to sealed documents, which will be provided by the district court only upon the filing and granting of a motion by our court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems. Detailed instructions on how to make these requests are available at: https://www.ca5.uscourts.gov/pro-se-information. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of

counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

THOMAS B. PLUNKETT, III, Clerk

By: ______________________
Nina Fernandez, Deputy Clerk
504-310-7630

cc:
Mr. Thomas Phillip Brandt
Mr. James Edwards Byrom
Mr. David Eugene Chamberlain
Mr. Philip Devlin
Mr. Christopher Lee Lindsey
Ms. Katie Elizabeth Payne

Provided below is the court’s official caption. Please review the parties listed and advise the court immediately of any discrepancies. If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

___________

Case No. 26-50929

___________

Javier Cazares, Individually as Wrongful Death Beneficiary of J.J.C., a deceased minor; Santa Gloria Cazares, Individually as Wrongful Death Beneficiary and as Representative of the Estate of J.J.C., a deceased minor; Kimberly Garcia, Individually as Wrongful Death Beneficiary of A.J.G., deceased minor; Rachel Garza, Esq., As Representative of the Estate of A.J.G., deceased minor; Miguel Cerrillo, Individually and as Next Friend of M.I.C., minor; Abigale Veloz, Individually and as Next Friend of M.I.C., minor; Ana Rodriguez, Individually as Wrongful Death Beneficiary and as Representative of the Estate of M.Y.R., deceased minor; Jerry Mata, Individually as Wrongful Death Beneficiary of T.M.M.., deceased minor; Veronica Mata, Individually as Wrongful Death Beneficiary and as Representative of the Estate of T.M.M., deceased minor; Jessie Rodriguez, Individually as Wrongful Death Beneficiary of A.G.R., deceased minor; Deanna Gornto, Individually as Wrongful Death Beneficiary and as Representative of the Estate of M.G.M, deceased minor; Maria Magdalene Garcia, Individually as Wrongful Death Beneficiary and as Representative of the Estate of N.A.B., deceased minor; Juan Julian Bravo, Individually as Wrongful Death Beneficiary of N.A.B., deceased minor; Veronica Luevanos, Individually as Wrongful Death Beneficiary and as Representative of the Estate of J.N.S., deceased minor; Jacob Silguero, Individually as Wrongful Death Beneficiary of J.N.S., deceased minor; April Elrod, Individually as Wrongful Death Beneficiary and as Representative of the Estate of M.L.E., deceased minor; Kimberly Rubio, Individually as Wrongful Death Beneficiary and as Representative of the Estate of A.A.R., deceased minor; Felix Rubio, Individually as Wrongful Death Beneficiary of A.A.R., deceased minor; Jose Luevanos, Individually as Wrongful Death Beneficiary and as Representative of the Estate of J.C.L., deceased minor; Christina Luevanos, Individually as Wrongful Death Beneficiary of J.C.L., deceased minor; Jennifer Lugo, Individually as Wrongful Death Beneficiary and as Representative of the Estate of E.A.G., deceased minor; Steven Garcia, Individually as Wrongful Death Beneficiary of E.A.G., deceased minor; Alyssa Rodriguez, Individually as Wrongful Death Beneficiary of J.M.F., Jr., deceased minor; Evadulia Orta, Individually as Wrongful Death Beneficiary and as Representative of the Estate of R.F.T., deceased minor; Mandy Marie Renfro, Individually as Wrongful Death Beneficiary of U.S.G., deceased minor; David Balmer, Esq., as Representative of the Estate of U.S.G., deceased minor; Eli Torres, Individually as Wrongful Death Beneficiary of E.T., deceased minor; Jose Martinez,

Individually and As Next Friend of AJ Martinez, minor; Kassandra Chavez, Individually and as Next Friend of A.J.M., minor; Vincent Salazar, III, Individually as Wrongful Death Beneficiary and as Representative of the Estate of L.M.S., deceased minor; Melinda Alejandro, Individually as Wrongful Death Beneficiary of L.M.S., deceased minor,

Plaintiffs - Appellants

v.

Juan Maldonado; Crimson Elizondo; Richard Bogdanski; Luke Williams; Christopher Kindell; Joel Betancourt; Victor Escalon; Does 1 through 84, Texas Department of Public Safety; Uvalde Consolidated Independent School District; Pedro "Pete" Arredondo; Adrian Gonzales; Jesus "JJ" Suarez; Randy Garcia, Individually; Jerry Simpson, Individually; Noe Fernandez, Individually; Robert Smith, Individually,

Defendants - Appellees